# EXHIBIT A

# UNITED STATES DISTRICT COURT
## Northern District of Texas
## Fort Worth Division

| | | |
|---|---|---|
| Rachel Turner, individually and on behalf of all those similarly situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | CA Number: 4:17-cv-836-O |
| | § | |
| v. | § | Collective Action |
| | § | |
| Medical Case Management & Social Services, Inc., Bonnie Ramsey, Donald Ramsey, Yatasha Jackson and Portia Jones, | § | Jury Demanded |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## Plaintiff's First Set of Requests for Production of Documents to Defendant Medical Case Management & Social Services, Inc.

**TO:** Medical Case Management & Social Services, Inc. ("**Defendant**"), by and through its counsel of record.

Pursuant to the Federal Rules of Civil Procedure, Rachel Turner ("**Plaintiff**") requests that Defendant produce for inspection and copying the documents and tangible things hereinafter designated. Plaintiff requests the documents be produced in the offices of the Law Office of Chris R. Miltenberger, 1340 N. White Chapel, Suite 100, Southlake, Texas 76092, thirty days (30) after service of these requests. Defendant is further requested to supplement its response as required by the Federal Rules of Civil Procedure. Additionally, pursuant to the Federal Rules of Civil Procedure, the documents produced in response to this request must be organized and labeled to correspond with the numbered categories of these requests as set forth below.

## DEFINITIONS AND INSTRUCTIONS

**Please note that the following definitions and instructions are an integral part of these Requests.**

A. As used in this document, the term **"Plaintiff"** means the party Plaintiff to this action, Rachael Turner and all those who have filed consents to be party plaintiff.

B. As used in this document, the terms **"you," "yours," or "Defendant"** shall mean the party Defendant to this action, **MEDICAL CASE MANAGEMENT & SOCIAL SERVICES, INC.**, and includes all persons acting or purporting to act on its/their behalf.

C. **"Document"** means all written or graphic matter of every kind or description, however produced or reproduced, whether in draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted or executed, including, but not limited to, written communications, letters, correspondence, memoranda, minutes, notes, photographs, slides, videotapes, motion pictures, tapes or sound records, recordings of any type, contracts, agreements, loan applications, loan documents, financing agreements, insurance applications, insurance policies, performance reports, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, loan sheets, checks, checkbooks, personal expense accounts, plans, blueprints, drawings, or material similar to any of the foregoing, however denominated and by whomever prepared or to whomever addressed, which are in Defendant's possession, custody or control, or to which Defendant has, has had, or can obtain access.

D. The term **"concerning"** means relating to, referring to, describing, evidencing or constituting.

E. **"Relevant document"** means each document which directly or indirectly constitutes, comments on, discusses, refers to, relates to, or contains information concerning the designated subject.

F. As used herein, **"relate"** or **"relating to"** when used with respect to a document, agreement, subject or fact, means reflecting, embodying, containing,

evidencing, concerning, pertaining to, regarding, reciting, recording, supporting, refuting or referring to such matter.

G. The term **"person"** includes natural persons, partnerships, limited partnerships, associations, leagues, corporations, governments (including all instrumentalities, offices, agents, subdivisions thereof), trusts, funds, and all other business, legal or artificial entities.

H. The masculine gender as used herein includes the feminine and neuter genders.

I. "**Identify**" or "**identification**" means, when used in reference to:

1. A natural person:

   a. Full name;
   b. Present or last known residence and business address (including street name and number, city or town, and state or country) and telephone number;
   c. Present position, business affiliation, and job description (if the present business or residence address or present position, business affiliation, or job description are unknown, such a statement and the corresponding last known such information); and
   d. Position, business affiliation, and job description at the time in question, with respect to the Request involved.

2. A document:

   a. Its description (e.g., letter, memorandum, report, etc);
   b. Its title, date, and the number of pages thereof;
   c. Its subject matter;
   d. Its author's identity;
   e. Its addressee's identity;
   f. The identity of each person who signed it;
   g. The identity of each person who received it;
   h. Its present location and its custodian's identity (if such document was, but is no longer, in the possession of or

subject to control of the Defendant, such a statement and the manner and date of the disposition made thereof).

3. An oral communication:

   a. Its date and the place where it occurred;
   b. Its substance;
   c. The identity of each person to whom such communication was made, and each person who was present when such communication was made.

4. Any other context:

   a. A description with sufficient particularity that the thing may thereafter be specified and recognized, including relevant dates and places, and the identification of relevant people, entities and documents;

   b. When used as a part of a request for facts to support a particular allegation or contention, it includes identification of documents produced by others as part of the discovery process, experts' reports, and applicable portions of deposition transcripts, identification of oral communications, any and all other forms of recorded facts, whether or not you have finally decided on its use at trial.

J. **"Communications"** means any transmission of thoughts, opinions, or information by speech, writing or signs.

K. **"Interrogatory"** and **"Interrogatories"** means each of the interrogatories contained in Plaintiff's First Set of Interrogatories to Defendant propounded contemporaneously herewith.

L. "**FLSA**" means the Fair Labor Standards Act.

M. **"Request(s)"** means each of the requests for production of documents contained in this Plaintiff's First Set of Requests for Production to Defendant. herewith.

## RELEVANT TIME PERIOD

Unless otherwise stated, each Request covers the entire time period from October 14, 2014 to the time of trial of this claim (hereinafter referred to as the "**Relevant Time Period**"). Each Request, whether expressed in the present tense or otherwise, refers to the entire period unless otherwise specified in the Request. If changes have been made to documents or they have been superseded by other documents, identify and produce all versions of the documents which are responsive for this time period.

## PRIVILEGE

Whenever any Request calls for the identification of or production of a document or communication to which you claim privilege, include (1) the identification of such document or communication, (2) the dates of the communication or document, (3) the identity of the persons who were parties to the communications, (4) the fact that you claim privilege and the basis asserted for such claim.

## COMPLETE ANSWERS

In answering these Requests you are requested to furnish all information which is available to Defendant, including that which has been obtained by and that which is now in the possession of Defendant's attorneys, employees, agents, predecessor companies, successors-in-interest and/or other representatives, and not merely the documents possessed by the individuals actually preparing the response.

## DUTY TO SUPPLEMENT

Each of the following Requests is a continuing one. If you later obtain, or become aware of, any further information or documents pertaining to these Requests, you are requested to supplement your responses in accordance with the Federal Rules of Civil Procedure.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1** Produce each and every document identified in your responses to the interrogatories in the Plaintiff's First Set of Interrogatories to Defendant promulgated on Defendant contemperanously herewith and/or which relate to your answers to such interrogatories or upon which you relied or reviewed, consulted or referred to in answering such interrogatories.

**REQUEST FOR PRODUCTION NO. 2** Produce all documents contained in any of the catagories identified in Defendant's Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 3** Produce a copy of the complete payroll file for each Plaintiff. This request includes, but is not limited to, paycheck stubs, wage summaries, tax documents maintained by you or your contractors, and/or any or all documentation related to and/or evidencing the amount paid to each Plaintiff during the applicable pay period.

**REQUEST FOR PRODUCTION NO. 4** Produce copies of all time sheets, time cards, or other documents recording or relating to the hours each Plaintiff worked. This also includes, but is not limited to, work schedules, notes, schedules of hours and any documents indicating any hours worked by each Plaintiff.

**REQUEST FOR PRODUCTION NO. 5** Produce an electronic copy of the log in and log out times to Defendant's IT system, if any, for each Plaintiff for each day during the Relevant Time Period. Please produce the electronic copy in a database readable file such as Excel.

**REQUEST FOR PRODUCTION NO. 6** Produce copies of Plaintiff's entire personnel file. This Request includes, but is not limited to, desk files, informal files kept by supervisors or other of Defendant's employees, any notes pertaining to each Plaintiff, each Plaintiff's job application(s), each Plaintiff's resume(s), and all other documents pertaining to each Plaintiff and commonly considered part of an employee's personnel file.

**<u>REQUEST FOR PRODUCTION NO. 7</u>** Produce all documents containing or purporting to represent job descriptions for the position(s) held by each Plaintiff.

**<u>REQUEST FOR PRODUCTION NO. 8</u>** Produce all documents and/or electronic files showing the time each Plaintiff began work and/or ended work at beginning and the end of each day, respectively.

**<u>REQUEST FOR PRODUCTION NO. 9</u>** Produce the entire file, including all documents, photographs, or other items, your testifying experts and your consulting experts whose opinions were or will be reviewed by a testifying expert in this matter, reviewed or are to be reviewed by them, or that form or will form the basis, in whole or in part, of their opinions.

**<u>REQUEST FOR PRODUCTION NO. 10</u>** Produce all documents related to any communication with an attorney or counsel for Defendant regarding Defendant's decision to not pay Plaintiff and any of Plaintiff's contemporaries overtime for their work done at home or their work done on call.

**<u>REQUEST FOR PRODUCTION NO. 11</u>** Produce all documents related to every lawsuit or arbitration or internal allegation or complaint alleging any cause of action for FLSA violations (including retaliation allegations for FLSA violation complaints) or failure to pay minimum wage or overtime filed in the last 5 years to the present against Defendant and/or all persons acting or purporting to act or alleged to have acted on its behalf.

**<u>REQUEST FOR PRODUCTION NO. 12</u>** Produce all documents related to each United States Department of Labor ("**DOL**") investigation of Defendant and/or all persons acting or purporting to act or alleged to have acted on its behalf initiated in the last 5 years.

**<u>REQUEST FOR PRODUCTION NO. 13</u>** Produce all documents related to any and all policies, procedures, guidelines, instructions, or directives Defendant maintained, implemented, or applied during the Relevant Time Period with regard to employee compensation and/or Defendant's requirement to comply with the FLSA.

**<u>REQUEST FOR PRODUCTION NO. 14</u>** Produce any and all of Defendant's personnel manuals, management manuals of any kind, employee handbooks, benefits manuals and salary schedules which were in effect at the

facility at which Plaintiff worked during the Relevant Time Period and which addressed hours worked or compensation.

**<u>REQUEST FOR PRODUCTION NO. 15</u>** Produce all documents related to your contention that Defendant's actions or alleged actions with respect to the Plaintiff do not constitute a willful violation of the FLSA or any applicable law regarding minimum wage or overtime, including but not limited to, conversations you may have had with attorneys.

**<u>REQUEST FOR PRODUCTION NO. 16</u>** Produce all documents related to your contention that Defendant at all times acted in good faith to comply with the FLSA with respect to Plaintiff and with reasonable grounds to believe that its actions or inactions did not violate the FLSA with respect to Plaintiff, including but not limited to, conversations you may have had with attorneys.

**<u>REQUEST FOR PRODUCTION NO. 17</u>** Produce all documents explaining or describing or relating to Defendant's record retention policies or practices during the Relevant Time Period.

**<u>REQUEST FOR PRODUCTION NO. 18</u>** Produce all documents related to any communications between any member of Defendant's management and any present or former employee of Defendant regarding Plaintiff's performance, duties, hours worked or compensation.

Respectfully submitted:

The Law Office of Chris R. Miltenberger, PLLC

By: */s/ Chris R. Miltenberger*
Chris R. Miltenberger
Texas State Bar Number 14171200
Designated as Lead Attorney

1340 N. White Chapel, Suite 100
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff

**Certificate of Service**

The undersigned certifies that on December 11, 2017 the foregoing document was served on counsel for Defendant via email and US mail.

Derrick Reed
1920 Country Place Pkwy, Suite 350
Pearland, Texas 77584

By: */s/ Chris R. Miltenberger*
Chris R. Miltenberger