**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RACHEL TURNER,** | ) | |
| INDIVIDUALLY AND ON BEHALF OF ALL THOSE | ) | |
| SIMILARLY SITUATED, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 4:17-CV-00836-O** |
| | ) | |
| | ) | |
| **MEDICAL CASE MANAGEMENT &** | ) | |
| **SOCIAL SERVICES, INC., et al** | ) | |
| *Defendants.* | ) | |

**DEFENDANT PORTIA JONES' BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted,

**Sᴍɪᴛʜ Rᴇᴇᴅ & Aʀᴍsᴛʀᴏɴɢ, PLLC**


By:    */s/ Derrick A. Reed*
       **Derrick A. Reed**
       Attorney-in-Charge
       Federal I.D. No.: 899172
       State Bar No.: 24053780
       Email: derrick@srapllc.com
       1920 Country Place Pkwy, Suite 350
       Pearland, Texas 77584
       Telephone: (281) 519-7606
       Facsimile: (281) 506-8693

**ATTORNEYS FOR PLAINTIFF**

OF COUNSEL:

**Marrick Armstrong**
State Bar No. 24057695
Email:  marrick@srapllc.com

**SMITH REED & ARMSTRONG, PLLC**
1920 Country Place Pkwy, Suite 350
Pearland, Texas 77584
Telephone: (281) 519-7604
Facsimile: (281) 506-8693

LOCAL COUNSEL:

**Anthony Eiland**
State Bar No. 24055441
Email:  anthony@theeilandfirm.com

**REDMOND & EILAND, PLLC**
5787 S. Hampton Road, Suite 270
Dallas, Texas 75232
Telephone: (469) 301-2400
Facsimile: (214) 292-9742

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing.  Service on any party or counsel who is not a Filing User was accomplished via certified mail – return receipt requested, in accordance with the Federal Rules of Civil Procedure on July 9, 2018.

_/s/ Derrick A. Reed_
Derrick A. Reed

# TABLE OF CONTENTS

I.    Background and Summary of Argument ........................................................... 1

II.   Statement of Facts ....................................................................................... 1

III.  Arguments and Authority ............................................................................ 3

      A.    Summary Judgement Standard ........................................................... 3

      B.    Defendant Jones is Not an "Employer" under the FLSA ...................................... 4

            i.    Defendant Jones Did Not Retain Operational Control
                  of MCM and Factual Controversies Exist Regarding Whether
                  Defendant Jones is an "Employer" under the FLSA ................................. 5

      C.    Plaintiffs are Not Entitled to Liquidated Damages because Defendant
            Jones Can Show Good Faith ................................................................... 8

            i.    Defendant Jones' Limited Authority over Overtime Pay ......................... 8

            ii.   MCM's Mistaken Compliance with FLSA Exception ..............................9

      D.    Plaintiffs are Not Entitled to a Three-Year Statute of Limitations
            because Defendant Jones' Actions Were Not Willful ......................................... 10

            i.    Ms. Jones Was Unaware of Any Alleged Overtime Complaints ............. 11

            ii.   Defendant Jones Did Not Willfully Violate the FLSA ........................... 12

IV.   Conclusion     .................................................................................................13

## TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*Anderson v. Liberty Lobby, Inc*.,
    477 U.S. 242(1986)............................................................................................3

*Celotex Corp. v. Catrett*.,
    477 U.S. 317 (1986)........................................................................................3, 7

*Cox v. Brookshire Grocery Co*.,
    919 F.2d 354 (5th Cir. 1990) ...........................................................................10

*Donovan v. Grim Hotel Co*.,
    747 F.2d 966 (5th Cir. 1984) .............................................................................4

*Donovan v. Sabine Irrigation Co*.,
    695 F.2d 190 (5th Cir. 1983) .............................................................................5

*Falk v. Brennan*,
    414 U.S. 190 (1973).............................................................................................5

*George v. Go Frac, LLC*,
    No. 5:15-cv-943-XR (N.D. Tex. 2016)..............................................................5

*Gray v. Powers*,
    673 F.3d 352 (5th Cir. 2012) ..................................................................4, 5, 6, 7

*Kevin M. Ehringer Enters. v. McData Servs. Corp*.,
    646 F.3d 321 (5th Cir. 2011) ........................................................................4, 5

*Martinez v. Food City, Inc*.,
    658 F.2d 369 (5th Cir.1981) .........................................................................8, 10

*Martin v. Spring Break 83 Prods., L.L.C*.,
    688 F.3d 247 (5th Cir. 2012) .............................................................................7

*McLaughlin v. Richland Shoe Co*.,
    486 U.S. 128 (1988)..........................................................................................10

*Mireles v. Frio Foods*,
    899 F.2d 1407 (5th Cir. 1990) .........................................................................11

*QBE Ins. Corp. v. Brown & Mitchell, Inc*.,
    591 F.3d 439 (5th Cir. 2009) .............................................................................3

*Reeves v. Sanderson Plumbing Prods., Inc.,*
530 U.S. 133 (2000)..................................................................................4

*Solano v. Ali Baba Mediterranean Grill, Inc.,*
No. 3:15-cv-0555-G (N. D. Tex., 2016). ...............................................11, 12

*Vallejo v. N.E. Indep. Sch. Dist,*
No. SA-12-CA-270-XR (W.D. Tex. 2013)...........................................11, 13

*Versai Mgmt. Corp. v. Clarendon America,*
597 F.3d 729 (5th Cir. 2010) ...................................................................3

*York v. City of Wichita Falls, Tex.,*
763 F.Supp. 876 (N. D. Tex., 1990) ........................................................8

## Statutes                                                        Page(s)

29 U.S.C. §§ 206-07  ...............................................................................4

29 U.S.C.§216          ...............................................................................8

29 U.S.C. §255(a).      ...............................................................................10

## Rules                                                            Page(s)

Fed. R. Civ. P. 56(c)  ...........................................................................3, 7

## DEFENDANT PORTIA JONES' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT

Defendant Portia Jones ("Ms. Jones") files this Opposition to Plaintiffs' Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and would respectfully show the Court the following:

### I.        Background and Summary of Argument

1.        This is a collective action suit wherein Rachel Turner, individually and on behalf of all those similarly situated ("Plaintiffs") alleged Medical Case Management & Social Services, Inc. ("MCM"), Bonnie Ramsey, Donald Ramsey ("Mr. Ramsey"), Yutasha Jackson ("Ms. Jackson"), and Portia Jones ("Ms. Jones") (together, "Defendants") violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime.

2.        Plaintiffs' claim that Ms. Jones violated the FLSA fails as a matter of law because Ms. Jones is not an "employer" within the meaning of the FLSA, Plaintiffs are not entitled to liquidated damages because Ms. Jones can show good faith, and Plaintiffs are not entitled to a three-year statute of limitations because Ms. Jones' actions were not willful.

### II.        Statement of Facts

3.        Medical Case Management & Social Services ("MCM") is a corporation that provides specialized nursing care.

4.        Portia Jones ("Ms. Jones") is a partial owner of MCM and is employed by MCM as an "Assistant Administrator."[1] She also serves as a board member of MCM.[2] On a few

---

[1] APP. at 1 (¶3).
[2] *Id.*

1

occasions, she provided some billing services to MCM.[3] However, she was not involved in the

day-to-day operations of MCM. Ms. Jones did not supervise any employees and was so uninvolved

with the operations of MCM, Mr. Ramsey testified that the MCM nurses "don't know what she

does."[4] Once Ms. Jones began experiencing health issues, she even stopped coming to the MCM

office altogether.[5]

5.      At MCM, Ms. Jones could not and did not hire of fire individuals.[6] Ms. Jones did

not interview any job candidates, nor did she participate in discussions about hiring or firing

employees.[7] In addition, Ms. Jones could not determine a MCM employees' rate or method of pay,

nor did she participate in any discussion about determining MCM employees' rate or method of

pay.[8] She did not award any raises, promotions, cut pay or demote any MCM employees.[9]

6.      Ms. Jones did not participate in any discussion concerning payment of overtime to

MCM employees.[10] She did not know MCM may have violated the FLSA until notice of this

lawsuit.[11]

7.      She did not control the MCM payroll system nor did she process or sign off any

paychecks.[12]

8.      Moreover, Ms. Jones did not create or control MCM employees' work schedules.[13]

The MCM House Manager created MCM employees' work schedules. She did not have any input

---

[3] APP. at 9 (21:9 – 11).
[4] APP. at 9 (23:3 – 5; 23:9 – 14).
[5] APP. at 9 (21:9 – 17).
[6] APP. at 1 (¶4 – 5).
[7] APP. at 1 (¶4).
[8] APP. at 1 (¶5).
[9] *Id.*
[10] APP. at 2 (¶6).
[11] *Id.*
[12] APP. at 2 (¶7).
[13] APP. at 2 (¶8)

2

in determining when and for how long MCM employees work, or to change employees schedules after it was created by the House Manager.[14]

9.      Ms. Jones did not create MCM employees' job descriptions, nor did she participate in the drafting of such job descriptions.[15] Additionally, she did not define MCM employees' job duties.[16]

10.      Additionally, Ms. Jones did not retain or maintain any MCM employees' employment records, such as W-2s, professional evaluations, or benefits information.[17] These records were kept with the Office Worker(s).[18]

### III.      Arguments and Authority

#### A.      *Summary Judgment Standard*

8.      As the party moving for summary judgment, Plaintiffs bears the burden of showing that "there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law."[19] Ms. Jones, as the non-moving party with the burden of persuasion can overcome summary judgment by showing that there is a genuine issue of material fact.[20] This can be accomplished by showing that a reasonable jury could find for either party.[21] In deciding

---

[14] *Id.*

[15] APP. at 2 (¶9).

[16] *Id.*

[17] APP. at 2 (¶10).

[18] *Id.*

[19] Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Versai Mgmt. Corp. v. Clarendon America,* 597 F.3d 729, 735-36 (5th Cir. 2010).

[20] *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248- 249 (1986); *QBE Ins. Corp. v. Brown & Mitchell, Inc.,* 591 F.3d 439, 443 (5th Cir. 2009).

[21] *Id.*

3

whether a fact issue has been created, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."[22]

9.      In order to prevail on this motion, Plaintiffs have to make an affirmative showing that none of the material facts presented by the Plaintiffs could be construed as creating an issue of material fact. In this case, Plaintiffs cannot meet this burden because several material fact questions remain controverted including (a) whether Ms. Jones possessed the power to hire or fire employees, (b) whether Ms. Jones supervised and controlled employee work schedules or conditions of employment, (c) whether Ms. Jones determined the rate and method of payment of employees, and (d) whether Ms. Jones maintained employment records.

## B.      Defendant Jones is Not an "Employer" under the FLSA.

10.      In order "[t]o be bound by the requirements of the Fair Labor Standards Act, one must be an 'employer.'"[23] The term "employer" includes individuals with managerial responsibilities and "substantial control over the terms and conditions of the [employee's] work...."[24] If an individual with managerial responsibilities is deemed an employer under the FLSA, the individual may be jointly and severally liable for damages resulting from the failure to comply with the FLSA.[25] "Employer status may be appropriate where operational control coincides with one's position as a shareholder, officer, or owner."[26] However, "merely being an officer or shareholder subjects an individual to FLSA liability."[27] The Fifth Circuit uses the "economic reality" test to focus on the totality of circumstances to evaluate whether an individual

---

[22] *Kevin M. Ehringer Enters. v. McData Servs. Corp.*, 646 F.3d 321, 326 (5th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).
[23] *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984) (citing 29 U.S.C. §§ 206-07).
[24] *Falk v. Brennan*, 414 U.S. 190, 194 (1973).
[25] *See Donovan v. Grim*, 747 F.2d at 972.
[26] *Gray v. Powers,* 673 F.3d 352, 354, 356 (5th Cir. 2012).
[27] *Id.* at 357.

or entity possesses such operational control with respect to the employment relationship.[28] In applying this test, courts are to consider whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determine the rate and method of payment, and (4) maintained employment records."[29] In cases where there may be more than one employer, the court "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test.[30] No one factor is dispositive, but a court cannot find employer status when none of the facts are present.[31]

> i.    *Defendant Jones Did Not Retain Operational Control of MCM and Factual Controversies Exist Regarding Whether Defendant Jones is an "Employer" under the FLSA.*

11.     Ms. Jones is not considered to be an "employer" under the FLSA because she did not retain operational control of MCM. In the alternative, viewing the facts in the light most favorable the non-movant, this Court should deny Plaintiffs' Motion for Summary Judgement because factual controversies exist about whether Ms. Jones is considered to be an "employer" under the FLSA.[32]

12.     First, Ms. Jones did not have the power to hire or fire individuals. In *Gray v. Powers,* a plaintiff employee sued his employer, PEG, and one of its owners, Mr. Powers, for violations of FLSA.[33] The plaintiff argued that by virtue of his position as an owner, Mr. Powers

---

[28] *Donovan v. Sabine Irrigation Co.,* 695 F.2d 190, 194 (5th Cir. 1983)(internal citations omitted); *Gray,* 673 F.3d at 354, 357.
[29] *Id.*
[30] *Gray* 673 F.3d at 355.
[31] *Id.* at 357.
[32] *Kevin M. Ehringer Enters.*, 646 F.3d at 326 (internal citations omitted).
[33] *Gray,* 673 F.3d at 353 – 354.

inherently had the power to hire and fire.[34] However, the Court stated that it cannot rely on Mr. Powers' status as an owner and agreed with the First Circuit, holding, "individuals ordinarily are shielded from personal liability when they do business in a corporate form, and ... it should not lightly be inferred that Congress intended to disregard this shield in the context of the FLSA."[35] Similarly, here, while Ms. Jones was an owner of MCM, she was not involved in the day-to-day operations of MCM. She did not have the authority to hire or fire MCM employees.[36] In fact, Ms. Jones never hired or fired anyone while at MCM.[37] She did not even interview potential job candidates.[38] Similarly, Ms. Jones did not have the authority to nor did she participate in any discussions to determine MCM employees' rate or method of pay.[39] Ms. Jones did not control MCM's payroll system and did not process or sign off on paychecks.[40] She also did not award any raises, promotions, cut pay, or demote MCM employees.[41] At no point did Ms. Jones have the authority to determine whether individuals would be paid overtime, nor was she ever involved in any decision to pay MCM employees overtime.[42] Therefore, Ms. Jones did not have any operational control over MCM with respect to (a) hiring or firing individuals or (b) determining rate or method of payment.

13.     Moreover, Ms. Jones did not supervise or control employee work schedules or conditions of employment. At MCM, the employees' work schedules were created by the House

---

[34] *Id.* at 355.
[35] *Id.* at 356 (quoting *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 677 (1st Cir. 1998).
[36] APP. at 1 (¶4).
[37] *Id.*
[38] *Id.*
[39] APP. at 1 (¶5).
[40] APP. at 2 (¶7).
[41] APP. at 1 (¶5).
[42] APP. at 2 (¶6).

Manager.[43] Ms. Jones did not have any input in determining when and for how long MCM employees worked.[44] She also did not have the authority to change employees' work schedules.[45] In addition, Ms. Jones did not define MCM employees' job duties or responsibilities that were required of them in order to stay employed at MCM.[46] Therefore, Ms. Jones did not have any operational control over MCM with respect to employee work schedules or conditions of employment.

14.     Lastly, Ms. Jones did not maintain any employment records.[47] She did not retain any MCM employees' W-2s, professional evaluations, benefits information, and other such employment documentation.[48] All employment records were maintained by the MCM Office Worker(s) and not with Ms. Jones.[49] Therefore, Ms. Jones did not have any operation control over MCM with respect to maintenance of employment records.

15.     Since all elements of the economic reality test fail with respect to Ms. Jones' operational control of MCM, this Court should dismiss all of Plaintiffs' claims against her.[50]

15.     In the alternative, Ms. Jones has presented facts that directly contradict Plaintiffs' assertion that Ms. Jones is an employer under the FLSA, which necessitates denial of Plaintiffs' Motion for Summary Judgement.[51]

---

[43] APP.at 2 (¶8).
[44] *Id.*
[45] *Id.*
[46] APP.at 2 (¶9).
[47] APP.at 2 (¶10).
[48] *Id.*
[49] *Id.*
[50] *Gray,* 673 F.3d at 357.
[51] Fed. R. Civ. P. 56(c); *Celotex Corp.* 477 U.S. at 323.

### C.      Plaintiffs are Not Entitled to Liquidated Damages because Defendant Jones Can Show Good Faith.

16.      Under the FLSA, if an employer shows that he had "reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified."[52] The reasonable grounds element requires that the employer's belief that the offending act complied with FLSA requirements be objectively reasonable.[53] A reasonable belief may be found where the employer purposefully "engaged in the acts proven to be violations but did so under a mistaken belief, although reasonable, that its acts were in conformity with the law."[54]

17.      Even if this Court determines that Ms. Jones is an employer under the FLSA, this Court should not award liquidated damages against her because (a) she acted in good faith and had reasonable grounds to believe MCM's actions were not in violation of the FLSA because her limited authority precluded her ability to control overtime wages, and (b) MCM acted in good faith when it did not pay overtime based on its mistaken compliance with FLSA exception to overtime pay.

### i.      Defendant Jones' Limited Authority over Overtime Pay.

18.      Ms. Jones stated that she did not know MCM may have violated the FLSA until notice of this lawsuit.[55] This is especially true since Ms. Jones was not involved in the day-to-day operations of MCM.[56] In fact, Ms. Jones did not supervise any employees and was so uninvolved

---

[52] 29 U.S.C. §216.
[53] *York v. City of Wichita Falls, Tex.,* 763 F.Supp. 876, 880 (N. D. Tex., 1990) (internal citations omitted).
[54] *Martinez v. Food City, Inc.*, 658 F.2d 369, 376 (5th Cir.1981) (internal citations omitted).
[55] APP. at 2 (¶6).
[56] APP. at 2 (¶3).

with the operations of MCM, Mr. Ramsey testified that even the MCM nurses "don't know what she does."[57] Once Ms. Jones began experiencing health issues, she even stopped coming to the MCM office altogether.[58] With respect to overtime payment, Ms. Jones was never involved in any decisions not to pay MCM employees overtime.[59] Therefore, Ms. Jones was not involved enough to suspect MCM was not complying with the law.[60] A reasonable juror can find that an owner who has not participated in any decisions regarding overtime payment and no legal background to evaluate a company's compliance to FLSA laws acted in good faith. Therefore, Ms. Jones should not be punished on an individual basis, for any allegedly improper actions that MCM took.

ii.   *MCM's Mistaken Compliance with FLSA Exception.*

19.      In the alternative, MCM acted in good faith because its decision not to pay overtime was based on its flawed understanding of FLSA laws and its mistaken belief that it was in compliance with the law. In his deposition, Mr. Ramsey testified:

> Q.   (BY MR. MILTENBERGER) So you don't think you were covered by the Fair Labor Standards Act?
> A.   Well, I'm not completely familiar with the Labor Fair Standards Act [sic]. I don't know it intimately, no.
> Q.   Did you think you weren't covered by it?
>              MR. REED: Objection, form.
> A.   I don't -- I don't understand it enough to  know whether I was completely covered by it; in other words, what I'm saying is I thought our services were exempt.
> Q.   (BY MR. MILTENBERGER) Okay. And what do you mean by "exempt"?
> A.   There -- there were a -- there are exceptions to paying overtime based on the type of work that's being done.[61]
>
> …

---

[57] APP. at 9 (23:3 – 5; 23:9 – 14).

[58] APP. at 9 (21:9 – 17).

[59] APP. at 2 (¶6).

[60] *Id.*

[61] APP. at 5 (7:19 – 8:9)

Q.   And are you the person within the company that made the determination not to pay overtime?

A.   I would say I didn't consciously make the decision not to pay overtime. I felt we were exempt.[62]

…

Q.   Now, I don't want to get into what your attorneys told you, but did the board of directors openly meet and decide that we need to be paying overtime?

A.   Yes.

Q.   Did they decide that the exemptions that you hoped applied didn't really apply?

A.   Yes.[63]

A reasonable belief may be found where the employer violated the FLSA, but did so under a mistaken belief that its acts were in conformity with the law."[64] Here, MCM failed to pay overtime based on the mistaken belief that its employees fell into one of the FLSA exemptions.[65] Therefore, MCM acted in good faith and pursuant to a reasonable belief that its actions did not violate the law.

### D.   Plaintiffs are Not Entitled to a Three-Year Statute of Limitations because Defendant Jones' Actions Were Not Willful.

20.   Where an employer "willfully" denies overtime pay, the statute of limitations is three years.[66] The employee has the burden of demonstrating willfulness for the three-year limitations period to apply.[67] Willfulness occurs where the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute…"[68] Courts have

---

[62] APP. at 10 (27:25 – 28:3).
[63] APP. at 17 (55:7 – 14).
[64] *Martinez*, 658 F.2d at 376 (internal citations omitted).
[65] APP. at 5, 10, 17 (7:19 – 8:9; 27:25 – 28:3; 55:7 – 14).
[66] 29 U.S.C. §255(a).
[67] *E.g., Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990).
[68] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

10

found the following evidence sufficient to support an inference of willfulness: (1) admissions that an employer knew its method of payment violated the FLSA prior to the accrual of the action; (2) continuation of a pay practice without further investigation after being put on notice that the practice violated the FLSA, (3) earlier violations of the FLSA that would put the employer on actual notice of the requirements of the FLSA, (4) failure to keep accurate or complete records of employment, and (5) prior internal investigations which revealed similar violations."[69] A negligent violation of the FLSA does not constitute a willful violation, even if the employer's interpretation of the FLSA is incorrect or even unreasonable.[70] Furthermore, "[s]imply failing to seek legal advice concerning [one's] pay practice" does not constitute a willful violation.[71] Also, where an employer remedies FLSA violation after learning of it, the employer's actions are not willful.[72]

21.     As a threshold matter, Ms. Jones does not qualify as an employer under the FLSA. However, even if *arguendo,* Ms. Jones is considered to be an employer under the FLSA, Plaintiffs are not entitled to a three-year statute of limitations because (a) Ms. Jones was unaware about any alleged employee complaints regarding overtime payment and (b) Ms. Jones' actions clearly did not rise to the level of "willful" violation of the FLSA.

i.      *Ms. Jones Was Unaware Of Any Alleged Overtime Complaints.*

22.     In their motion for summary judgment, Plaintiffs' singularly rely on the fact that certain plaintiffs made complaints about failing to receive overtime pay to Mr. Ramsey and Ms.

---

[69] *Solano v. Ali Baba Mediterranean Grill, Inc.*, No. 3:15-cv-0555-G at *11 (N. D. Tex., 2016). Pursuant to Fed. R. App. P. 32.1(b), Defendant has attached a copy of this opinion.
[70] *Mireles v. Frio Foods*, 899 F.2d 1407, 1416 (5th Cir. 1990); *Vallejo v. N.E. Indep. Sch. Dist,* No. SA-12-CA-270-XR, at *8 (W.D. Tex. 2013). Pursuant to Fed. R. App. P. 32.1(b), Defendant has attached a copy of this opinion.
[71] *Mireles* at 1416.
[72] *Vallejo* at *9 ("Because the overtime payment issue was remedied immediately upon NEISD management learning of the problem, Vallejo has not proven that this was a willful violation of the FLSA.").

11

Jackson and that their failure to investigate such complaints is evidence of willful violation of the FLSA.[73] However, Plaintiffs did not allege that they complained to Ms. Jones about overtime pay.[74] Since Plaintiffs do not allege, and the record does not support, the allegation that Ms. Jones was aware that employees had complained about lack of overtime, she did not have a duty to investigate such complaints. Therefore, Plaintiffs' argument that Ms. Jones acted willfully necessarily fails.

### ii.   *Defendant Jones Did not Willfully Violate the FLSA.*

24.     In the alternative, Ms. Jones' actions did not rise to the level of willful violation of the FLSA because (a) Plaintiffs have not presented any sufficient evidence that Courts have found to support an inference of willfulness, (b) she had limited authority at MCM and was not aware of any FLSA violations, (c) she did not receive complaints from MCM employees about overtime payment and (d) MCM remedied any FLSA violations after receiving notice of it.

25.     First, Plaintiffs have not presented any evidence that fit into the five (5) categories where Courts have found to support an inference of willfulness.[75] Plaintiffs' solely rely on MCM's failure to investigate alleged complaints, which does not support an automatic inference of willfulness.[76]

26.     Also, Ms. Jones had limited involvement at MCM and was not aware of any FLSA violations.[77] Ms. Jones stated that she did not know MCM may have violated the FLSA until notice of this lawsuit.[78] This is especially true since Ms. Jones' role at MCM was limited.[79] In fact, Ms.

---

[73] ECF No. 41, pg. 23 – 25.
[74] *Id.*
[75] *Solano* at *11.
[76] *Id.*
[77] APP. at 1-3 (¶3 – 10).
[78] APP. at 2 (¶6).
[79] APP. at 1-3 (¶3 – 10).

Jones did not supervise any employees and was so uninvolved with the operations of MCM, Mr. Ramsey testified that even the MCM nurses "don't know what she does."[80]

27.      Plaintiffs did not allege that they complained to Ms. Jones about overtime pay.[81] Since Plaintiffs do not allege, and the record does not support, the allegation that Ms. Jones was ever aware that employees had complained about lack of overtime, she did not have a duty to investigate such complaints.

28.      Lastly, even if Ms. Jones had the authority to make or participated in MCM's decision not to pay overtime, since MCM remedied any FLSA violations after receiving notice of it, Plaintiffs cannot show that Ms. Jones willfully.[82] Mr. Ramsey testified that upon seeking legal counsel for this lawsuit, he was informed that he was misclassifying employees, and remedied the situation by paying employees overtime.[83] He testified:

> Q.      And is [MCM] paying overtime now?
> A.      Yes.
> Q.      After the lawsuit that we're here for today was filed, did you start paying overtime?
> A.      Repeat that.
> Q.      After the lawsuit was filed that we're here today, did you start paying overtime?
> A.      Yes. Because of it, yes.[84]

**V.      Conclusion**

For the foregoing reasons, Defendant Portia Jones respectfully requests that this Court deny Plaintiffs' Motion for Summary Judgement against her.

---

[80] APP. at 9 (23:3 – 5; 23:9 – 14).
[81] *Id.*
[82] *Vallejo* at *9 ("Because the overtime payment issue was remedied immediately upon NEISD management learning of the problem, Vallejo has not proven that this was a willful violation of the FLSA.").
[83] APP. at 19 (64:12 – 14).
[84] APP. at 6 (13:7 – 14).

Respectfully submitted,

**SMITH REED & ARMSTRONG, PLLC**

By: _____/s/ Derrick A. Reed_____
           **Derrick A. Reed**
           Attorney-in-Charge
           Federal I.D. No.: 899172
           State Bar No.: 24053780
           Email: derrick@srapllc.com
           1920 Country Place Pkwy, Suite 350
           Pearland, Texas 77584
           Telephone: (281) 519-7606
           Facsimile: (281) 506-8693

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**                **LOCAL COUNSEL:**

**Marrick Armstrong**           **Anthony Eiland**
State Bar No. 24057695        State Bar No. 24055441
Email: marrick@srapllc.com    Email: anthony@theeilandfirm.com

**SMITH REED & ARMSTRONG, PLLC**    **REDMOND & EILAND, PLLC**
1920 Country Place Pkwy, Suite 350   5787 S. Hampton Road, Suite 270
Pearland, Texas 77584         Dallas, Texas 75232
Telephone: (281) 519-7604     Telephone: (469) 301-2400
Facsimile: (281) 506-8693      Facsimile: (214) 292-9742

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing. Service on any party or counsel who is not a Filing User was accomplished via certified mail – return receipt requested, in accordance with the Federal Rules of Civil Procedure on July 9, 2018.

_____/s/ Derrick A. Reed_____
           Derrick A. Reed