**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RACHEL TURNER,** *individually and on* | § | |
| *behalf of all those similarly situated*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:17-cv-00836-BP** |
| | § | |
| **MEDICAL CASE MANAGEMENT &** | § | |
| **SOCIAL SERVICES, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>MEMORANDUM AND OPINION</u>

Before the Court are Plaintiffs' Motion for Summary Judgment (ECF No. 40) with Brief

and Appendix in Support (ECF Nos. 41–42) filed June 18, 2018; each individual Defendants'

Responses to Plaintiffs' Motion (ECF Nos. 50, 53, 56, and 59) with Brief and Appendix in Support

(ECF Nos. 51–52, 54–55, 57–58, and 60–61) all filed July 9, 2018; and Plaintiffs' Reply and

Supplementation of the Summary Judgment Evidence in Support of its Motion (ECF No. 69) filed

August 26, 2018. After considering the pleadings of the parties, the summary judgment evidence,

and applicable law, the Court **GRANTS in part and DENIES in part** the Plaintiffs' Motion for

Summary Judgment (ECF No. 40).

## BACKGROUND

Plaintiff, Rachel Turner, brought this suit individually and on behalf of others similarly

situated (collectively, "the Plaintiffs"), against Defendants Medical Case Management Services,

Inc. ("MCM"), Bonnie Ramsey ("B. Ramsey"), Donald Ramsey ("D. Ramsey"), Yutasha Jackson

("Jackson"), and Portia Jones ("Jones") (collectively, "the Defendants") for violations of the Fair

Labor Standards Act of 1938, 29 U.S.C. §§ 201–216 ("FLSA"). (ECF No. 1 at 1). MCM provides

specialized nursing care to its patients, and the Plaintiffs are either nurses or nurses' aides who provided care to those patients. (ECF Nos. 26 at 5 and 41 at 10). Defendant D. Ramsey is the president and chief financial officer of MCM and a member of its three-person board of directors. (ECF No. 42-1 at 5 and 26). Defendant B. Ramsey is alleged to be D. Ramsey's sister and a non-owner consultant to the company. (ECF No. 69-1 at 8–10). Defendant Jackson is the company's nurse supervisor, sometimes referred to as the director of nursing. (ECF Nos. 1 at 2 and 55 at 3). Defendant Jones is a co-owner of MCM and a member of its board of directors. (ECF No. 58 at 3). Plaintiffs allege that Defendants failed to pay nurses and other hourly paid healthcare staff overtime wages for work in excess of 40 hours per week from the three years preceding the filing of the complaint. (ECF No. 1 at 1). Plaintiffs contend that the total amount of unpaid overtime wages for all twenty-two Plaintiffs is $169,464.18 as calculated from MCM's payroll records during the relevant period. (ECF No. 41 at 21–22).

In their complaint, Plaintiffs allege that all Defendants are "employers" under the FLSA making MCM and the individual Defendants liable for unpaid overtime due Plaintiffs. (ECF No. 1). Further, Plaintiffs allege that Defendants did not act in "good faith" and had no "reasonable grounds" to believe that their nonpayment of overtime compensation complied with the FLSA. (*Id.*). Thus, Plaintiffs contend that they are entitled to liquidated damages under the FLSA. (*Id.*). Moreover, Plaintiffs allege that Defendants knowingly, willfully, or with reckless disregard failed to pay Plaintiffs overtime. (*Id.*). As a result, the class of Plaintiffs include any nurse or other hourly-paid healthcare staff person who worked for MCM and was not paid overtime during the statutory three-year limitations period. (*Id.*).

Plaintiffs' Motion for Summary Judgment is fully briefed and is now ripe for review.

## LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there is no genuine issue of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Accordingly, a party who bears the burden of proof on an issue "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [the party's] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). To meet this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co*., 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults v. Conoco, Inc*., 76

F.3d 651, 655 (5th Cir. 1996). Citations to evidence must be specific, and "a party must support each assertion by citing each relevant page of its own or the opposing party's appendix." Local Civil Rules of the Northern District of Texas 56.5(c).

## ANALYSIS

Before addressing Plaintiffs' FLSA overtime compensation claims, the Court must address Plaintiffs' contention, made for the first time in their reply, that because Defendants failed to file a timely answer or other pleading responsive to their First Amended Complaint ("FAC"), then Defendants have admitted all of Plaintiffs' allegations contained within the FAC pursuant to Federal Rules of Civil Procedure 8(b)(6). (ECF No. 69 at 2). Defendants have not sought leave to respond or moved to strike the relevant portion of Plaintiffs' reply brief.

## I.    Defendants' Answer may be Applied to Plaintiffs' FAC

The Court has discretion to consider new evidence and argument in a movant's reply brief, but the Court must "give the non-movant an adequate opportunity to respond prior to ruling." *Vais Arms, Inc. v. Vai*, 383 F.3d 287, 292 (5th Cir. 2004) (quoting *S.W. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 545 (5th Cir. 2003)). The Court previously granted leave for Plaintiffs to amend their summary judgment motion within fourteen days of taking Defendants' depositions and gave Defendants ten days to respond to any amended filing. (ECF No. 64). The purpose of the order was to permit Plaintiffs to submit additional summary judgment evidence uncovered during Defendants' scheduled depositions. Plaintiffs timely filed their reply with a new argument and new evidence in support of their summary judgment motion, and Defendants did not respond. Under these circumstances, the Court rejects Plaintiffs' argument that the allegations contained within the FAC are admitted due to Defendants' failure to answer the FAC, because the new argument at issue here was made for the first time in a reply brief and could have been asserted without the

benefit of Defendants' depositions or additional discovery. *Baker v. Aetna Life Ins. Co.*, 228 F. Supp. 3d 764, 770 (N.D. Tex. 2017) (citing *Jacobs v. Tapscott*, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) ("[T]he court will not consider an argument raised for the first time in a reply brief." (citing *Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990)), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008)). Because Defendants had adequate opportunity to respond to Plaintiffs' reply and did not, however, the Court will consider Plaintiffs' newly presented evidence that relates to arguments originally raised in their summary judgment motion.

Further, if the allegations made in Plaintiffs' FAC were deemed admitted under Rule 8(b), then the Court would essentially convert Plaintiffs' summary judgment motion into an entry for default judgment. *See Dailey v. Cordis Corp.*, No. 3:12-CV-518-O, 2013 WL 1245560, at *7 (N.D. Tex. Mar. 26, 2013). Default judgments are generally disfavored and should not be granted simply because defendants failed to meet a procedural time requirement. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citing *Mason & Hanger—Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)); *see also Dailey*, 2013 WL 1245560, at *7 ("It does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed.") (quoting *Hadra v. Herman Blum Consulting Eng'rs,* 74 F.R.D. 113, 114 (N.D. Tex. 1977).

Although Defendants did not respond to Plaintiffs' FAC, under the circumstances of this case where the FAC is virtually identical to the original complaint that Defendants did answer, then the "drastic remedy Plaintiff[s] seek[] is not warranted here." *Reeves v. Wells Fargo Bank, NA*, No. EP-14-cv-00187-DCG, 2014 WL 12493287, at *3 (N.D. Tex. Dec. 18, 2014). Accordingly, the Court applies Defendants' answer to the original complaint to the FAC. *See*

*Applin v. Deutsche Bank Nat. Trust*, No. CIV.A. H-13-2831, 2014 WL 1024006, at *2 (S.D. Tex. Mar. 17, 2014) ("Where there is a pending motion to dismiss, but during the pendency of that motion, an amended complaint is filed, the court may apply the pending motion to dismiss to the amended complaint.") (citing *Dalfrey v. Boss Hoss Cycles, Inc.*, 456 Fed. Appx. 329, 331 n.1 (5th Cir. 2011)).

## II.    Plaintiffs' FLSA Claims

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Once plaintiffs establish a *prima facie* case, "the burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)). "If the employer fails to produce such evidence, the court may then award damages to the employee even though the result may only be approximate." *Id.*

## A.     Employer Status of Defendants

It is undisputed that the Plaintiffs had an employer-employee relationship with MCM during the applicable limitations period. Plaintiffs argue, though, that B. Ramsey, D. Ramsey, Jackson, and Jones also are employers under the FLSA and are, therefore, jointly and severally liable to Plaintiffs under the FLSA for unpaid overtime compensation. The Court now determines whether employer status for each individual Defendant is established such that Plaintiffs are entitled to judgment as a matter of law.

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Court applies the economic reality test to determine whether a party is an employer under the FLSA. *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). According to that test, the Court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 355 (quoting *Williams*, 595 F.3d at 620). The "remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989). "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 251 (5th Cir. 2012) (quoting *Gray*, 673 F.3d at 357). Thus, a "shareholder, officer, or owner" who has operational control over employees may be liable under the FLSA. *See Gray*, 673 F.3d at 357. But the Fifth Circuit has "decline[d] to adopt a rule that would potentially impose individual liability on all shareholders, members, and officers of entities that are employers under the FLSA based on

their position rather than the economic reality of their involvement in the company." *Id.* In circumstance such as those here, where there may be more than one employer, the Court "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test." *Id.* at 355 (quoting *Watson v. Graves,* 909 F.2d 1549, 1553 (5th Cir. 1990)).

To determine if the individual Defendants had operational control, the evidence must show that they had "power to hire and fire, ability to supervise, power to set wages, and maintenance of employment records." *Id.* at 357. "While each element need not be present in every case, finding employer status when none of the factors is present would make the test meaningless." *Id.* On summary judgment, Plaintiffs must establish 'beyond peradventure' that the Defendants were Plaintiffs' employers under the FLSA. *See Hernandez v. Trendy Collections, LLC*, No. 3:17-CV-2049-BN, 2018 WL 4103723, at *16 (citation omitted).

### 1.    Employer Status of D. Ramsey

The summary judgment evidence does not establish as a matter of law that D. Ramsey is an employer under the FLSA. Although he was not an owner of MCM, he was president, chief financial officer, and a director. (ECF No. 42-1 at 5 and 26). D. Ramsey testified that as president, he decided that an exception to the FLSA applied making MCM exempt from paying nurses overtime. (*Id.* at 8–10). As a director, he participated in the decision to pay nurses overtime compensation after the suit was filed. (*Id.* at 14). As chief financial officer, he signed payroll checks for employees and supervised accounting functions. (ECF Nos. 26 at 2 and 42-1 at 31). In contrast, Jackson testified that D. Ramsey had the authority to hire and fire nurses. (ECF No. 69-1 at 5). Moreover, Jackson testified that, prior to suit being filed, she discussed on several occasions

with D. Ramsey the issue of nurses' overtime compensation, and D. Ramsey said that MCM could not afford to pay overtime. (*Id.*).

Plaintiffs have not submitted any summary judgment evidence proving that D. Ramsey controlled nurse work schedules or conditions. Further, in his Response, D. Ramsey testified that (1) Jackson alone had the authority to hire nurses and, along with supervising nurses, the authority to fire them (ECF No. 52 at 8); (2) Jackson and supervising nurses supervised and controlled nurses' work schedules (*Id.* at 11); and (3) Jackson determined the nurses' pay rate. (*Id.* at 10).

Essentially, Jackson's and D. Ramsey's testimony raise fact issues as to who maintained operational control over Plaintiffs. In considering a motion for summary judgment, the Court should "refrain from making credibility determinations or from weighing the evidence." *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). Although each factor need not be present in every case to establish an individual's employer status under the FLSA, the Fifth Circuit recognizes that "individuals ordinarily are shielded from personal liability when they do business in a corporate form, and . . . it should not lightly be inferred that Congress intended to disregard this shield in the context of the FLSA." *Gray*, 673 F.3d at 356–57 (quoting *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 677 (1st Cir. 1998)). Thus, after viewing the evidence in light most favorable to D. Ramsey, there are genuine issues of material fact as to whether he had operational control over Plaintiffs. Accordingly, Plaintiffs' summary judgment motion is denied as to D. Ramsey.

### 2.       Employer Status of Jackson

For Jackson, the summary judgment evidence does not establish conclusively that she is an employer under the FLSA. Testimony from D. Ramsey established that Jackson was the director of nursing for the company and determined which nurses to hire and fire, set nurses' compensation,

managed the nurses' schedules, and approved time sheets. (ECF No. 42-1 at 19, 22, 24, 30, and 44). In her declaration in response, Jackson stated that as a nurse supervisor, she did not have independent authority to hire and fire nurses and could only make employment recommendations to upper management after interviewing candidates. (ECF No. 55 at 3–4). She stated that D. Ramsey had the authority to hire nurses and negotiate their compensation. (*Id.* at 4). Jackson denied that she created or controlled nurses' work schedules, determined how nurses were paid, or maintained any employee records. (*Id.*). Moreover, she testified that D. Ramsey was the person within MCM who decided whether nurses were paid for overtime, and when she confronted D. Ramsey about the lack of overtime pay for nurses, D. Ramsey stated MCM could not afford it. (ECF No. 69-1 at 6). Although she admitted to participating in operational matters, she testified that D. Ramsey and B. Ramsey made the final determination on operational issues. (*Id.* at 8).

This evidence presents genuine issues of material fact as to whether Jackson maintained operational control over the nurses. Accordingly, Plaintiffs' summary judgment motion is denied as to Jackson.

### 3. Employer Status of Jones

The summary judgment evidence does not establish as a matter of law that Jones is an employer under the FLSA. D. Ramsey's testimony proves that Jones is a part owner of MCM and, as a director, could have brought the issue of overtime nonpayment to the board of directors' attention. (ECF No. 42-1 at 28). D. Ramsey's testimony also showed that after commencement of the suit, Jones participated in the board's decision to begin paying nurses overtime compensation and to shift MCM's business focus to private duty nursing from home health visits. (*Id.* at 26, 28–29). D. Ramsey testified that Jones performed billing services for MCM, which included coding hours for services rendered. (*Id.* at 18 and 35). Jackson testified that D. Ramsey, Jones, and B.

Ramsey, as upper management, were all involved with the decision to not pay nurses overtime compensation. (ECF No. 69-1 at 17).

In response, Jones submitted a declaration in which she stated that MCM employed her as an assistant administrator and as a member of the board of directors. (ECF No. 58 at 3). She provided some billing services for MCM, but denied any involvement in the day-to-day operations of MCM, including the creation or control over nurse work schedules or defining nurse job duties, supervising any nurses, participating in hiring and firing decisions, participating in the determination of nurses' compensation, raises, promotions, or reductions in pay, or maintaining nurses' employment records, W-2s, evaluations, or benefit information. (*Id.* at 3–4). D. Ramsey testified that Jones was so uninvolved with the operations of MCM that nurses "don't know what she does." (ECF No. 58 at 11).

Based on this evidence, Plaintiffs have not met their burden beyond peradventure that Jones is an employer under the FLSA. *Gray*, 673 F.3d at 357 (declining "to adopt a rule that would potentially impose individual liability on all shareholders, members, and officers of entities that are employers under the FLSA based on their position rather than the economic reality of their involvement in the company").

### 4. Employer Status of B. Ramsey

Plaintiffs have not presented sufficient summary judgment evidence to establish that B. Ramsey is an employer under the FLSA. In their Reply Brief in support of their Motion, Plaintiffs offered Jackson's testimony that B. Ramsey was involved as a consultant when there were operational issues at the company and participated in the decision not to pay nurses overtime compensation. (ECF No. 69-1 at 8–10). Jackson testified that B. Ramsey and D. Ramsey discussed "which direction the company would go, and they would bring [the decision] to us." (*Id.* at 8).

Although the Court need not consider this new evidence presented in Plaintiffs' reply brief, *Baker*, 228 F. Supp. 3d at 770, even when considered, Plaintiffs have not met their burden of establishing that B. Ramsey exercised operational control over Plaintiffs such that she is an employer within the meaning of the FLSA. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) (affirming the district court's summary judgment determination that a non-owner consultant was an employer because the evidence showed he hired employees, gave employees specific work instructions, signed employees' payroll checks, and employees identified him as their supervisor). Accordingly, Plaintiffs' motion for summary judgment is denied as to B. Ramsey's employer status.

### B. Plaintiffs have Established a Prima Facie Against MCM

Now that the Court has determined that Plaintiffs are not entitled to summary judgment on the issue of the Defendants' employer status, except for Defendant MCM, the Court now determines whether Plaintiffs have established a *prima facie* case such that they are entitled to judgment as a matter of law on their FLSA claims against MCM. To do so, Plaintiffs must demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Lopez v. Reliable Clean-Up & Support Servs., LLC*, No. 3:16-CV-2595-D, 2018 WL 3609271, at *7 (N.D. Tex. July 27, 2018) (citations omitted).

MCM admitted in its pleadings that it was an employer under the FLSA § 203(d) during the relevant period. (ECF No. 26 at 3–4). Thus, the first element is satisfied.

To establish FLSA coverage, Plaintiffs must show that they (1) personally engaged in commerce or the production of goods for commerce ("individual coverage") or (2) were employed by an enterprise engaged in such activity ("enterprise coverage"). *See* 29 U.S.C. § 207(a)(1); *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992). Plaintiffs claim that MCM admitted that both individual and enterprise coverage applies.

Courts apply a practical test to determine whether employees "engaged in commerce" by looking to "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (quoting *Mitchell v. H.B. Zachry Company,* 362 U.S. 310, 324 (1960)). Although there is no *de minimis* requirement, the employee's work must do more than affect interstate commerce. *Mendoza v. Detail Sols., LLC*, 911 F. Supp. 2d 433, 439 (N.D. Tex. 2012). Courts consider whether an employee's work involves the "movement of persons or things." *Id.* at 440 (citing *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir.2006)). Here, MCM admitted that its employees "engage[d] in commerce by using equipment that has traveled in interstate commerce" and used (1) computers and office equipment that have crossed state lines, (2) interstate telephone systems to recruit employees, (3) the U.S. postal system to send mail across state lines, and (4) the interstate banking system to receive their paychecks. (ECF No. 26 at 4). Although Defendants' answer only refers to one of the named Plaintiffs, D. Ramsey testified that all nurses provided basically the same services under similar conditions. (ECF No. 42-1 at 41). Accordingly, the Court concludes that the summary evidence has established individual coverage as a matter of law for all Plaintiffs.

Even if individual coverage were not established, MCM has admitted to enterprise coverage. An 'enterprise' "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A). MCM admitted that, for the relevant period, it was an enterprise within the meaning of FLSA § 203(r); it engaged in commerce or the production of goods for commerce within the meaning of FLSA § 203(s)(1); two or more MCM employees, including at least one Plaintiff, used equipment that traveled in interstate commerce; and the enterprise has in the past and currently has an annual gross volume of sales or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated). (ECF No. 26 at 4). Thus, Plaintiffs have established MCM's enterprise coverage for the relevant period as a matter of law.

For the third element, Plaintiffs must prove by a preponderance of the evidence that MCM violated the FLSA's overtime wage requirements. MCM admitted that during the relevant period it paid Plaintiffs on an hourly basis and did not pay overtime. (ECF Nos. 26 at 5 and 42-1 at 33 and 40). Plaintiffs also presented summary judgment evidence attached to their Brief in Appendix B (a summary spreadsheet created from MCM's payroll records) establishing the amount of overtime hours each Plaintiff worked for the three years ending in 2017. (ECF No. 42-1 at 11–13 and 54). Thus, Plaintiffs have established that MCM violated the FLSA's overtime wage requirement as a matter of law.

The last element requires Plaintiffs to establish the amount of overtime compensation due. Generally, businesses maintain employee personnel and payroll records that would show wages

paid and overtime pay due. However, when an employer failed to adequately and accurately maintain employee payroll records, such as MCM did here, then employees are not penalized for being unable to prove precisely the amount of overtime compensation due them. *Hernandez*, 2018 WL 4103723, at *9 (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds* by Portal-to-Portal Act of 1947, 29 U.S.C. § 254, *as recognized in Integrity Staffing Solutions, Inc. v. Busk*, ___ U.S. ___, 135 S. Ct. 513, 516–17 (2014)). In such a circumstance, employees meet their burden by providing sufficient evidence to show "the amount and extent of that work as a matter of just and reasonable inference." *Lopez*, 2018 WL 3609271, at *13 (quoting *Anderson*, 328 U.S. at 687). After which, the burden then shifts to the employer to bring forth evidence of the precise amount of work performed. *Id.* A "reasonable inference" means "a sufficient basis to calculate the number of hours worked by each employee." *Lopez*, 2018 WL 3609271, at *14 (quotation omitted). The hours worked need not be precise or "perfectly accurate," but "mere assertions will not suffice." *Id.* In this way, it is the employer who suffers the consequences of failing to adequately maintain employment records. *See id*.

MCM has failed to timely deliver complete responses to interrogatories and requests for production that are the subject of Plaintiffs' Motion to Compel (ECF No. 35) and the Court's Order (ECF No. 77) granting Plaintiffs' Motion for Sanctions. Plaintiffs' discovery requests were designed, in part, to substantiate the amount of overtime due Plaintiffs. Therefore, the Court need only determine if Plaintiffs have made a "reasonable inference" as to the amount and extent of overtime due. As previously mentioned, Exhibit B to Plaintiffs' Motion evidences the number of overtime hours Plaintiffs worked, and Exhibit C shows each Plaintiff' rate of pay, number of overtime hours worked, and the resulting amount of overtime compensation due for the preceding three-year period. (ECF No. 42-1 at 56). This is sufficient evidence to establish the amount of

overtime due Plaintiffs. With all four elements met, Plaintiffs have presented a *prima facie* case and are entitled to summary judgment against MCM.

Defendants have not submitted any summary judgment evidence in response. Thus, the Court may "award damages to the employee[s] even though the result may only be approximate." *Harvill*, 433 F.3d at 441 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)).

### III. Plaintiffs Have Not Established as a Matter of Law that MCM Willfully Violated the FLSA

An FLSA claim is normally subject to a two-year statute of limitations, except that a three-year limitations period applies if Plaintiffs demonstrate a willful violation by the employer *See* 29 U.S.C. § 255(a). Plaintiffs can demonstrate that an employer willfully violated the FLSA by showing the employer "knew or showed reckless disregard for . . . whether its conduct was prohibited by the [FLSA]." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "The burden of showing that an FLSA violation was 'willful' falls on the plaintiffs." *Stokes v. BWXT Pantex, L.L.C.*, 424 F. App'x. 324, 326 (5th Cir. 2011) (per curiam) (citing *Singer*, 324 F.3d at 821); *see also Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001) ("Generally, a plaintiff suing under the FLSA carries the burden of proving all elements of his or her claim."). The word "willful" refers to conduct that is "voluntary, deliberate, and intentional, and not merely negligent." *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 808 (N.D. Tex. 2009) (citing *McLaughlin*, 486 U.S. at 128). Thus, a negligent violation of the FLSA is not willful, "[n]or is a good faith but incorrect assumption that a pay plan complied with the FLSA." *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 924 (E.D. La. 2009) (citing *McLaughlin*, 486 U.S. at 135). Even an employer who acts unreasonably does not establish willfulness under the FLSA. *See McLaughlin*, 486 U.S. at 135 n.13. But an

employer acts willfully when it "kn[e]w [its] pay structure violated[d] the FLSA or ignore[d] complaints brought to [its] attention." *Mohammadi v. Nwabuisi*, 605 F. App'x 329, 332 (5th Cir. 2015) (per curiam) (citing *Ikossi–Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 553 & n.24 (5th Cir. 2009) (citing cases)).

Plaintiffs' sole argument that MCM willfully violated the FLSA is based on MCM's alleged failure to investigate its overtime compensation policy after two nurses complained to MCM management. In his declaration, Nurse Bynum stated that he asked both Jackson and D. Ramsey why he had not received overtime pay, but that he never received an answer. (ECF No. 42-1 at 59). In her declaration, Nurse Wilson similarly stated that she asked both Jackson and D. Ramsey why she had not received overtime compensation. She was told that MCM did not pay overtime because Medicaid did not reimburse it at an overtime rate. (*Id.* at 62). In response, D. Ramsey testified that he never received any complaints from nurses about not paying them overtime compensation. (ECF No. 52 at 6). In contrast, Jackson testified that she discussed with D. Ramsey on several occasions whether nurses would be paid overtime and referred nurses with questions about overtime to him. (ECF No. 69-1 at 6). Jackson stated that D. Ramsey told her that MCM could not afford to pay overtime. (*Id.*). Moreover, she testified that B. Ramsey and Jones knew that MCM was not paying overtime to nurses. (ECF No. 69-1 at 10–11 and 17).

The conflicting testimony presents a genuine dispute of material fact on whether MCM willfully violated the FLSA. Plaintiffs did not present conclusive evidence that MCM knew it was violating the FLSA when it decided not to pay nurses overtime. Although there is evidence from Jackson that MCM management and ownership knew nurses were not paid for overtime, this does not establish as a matter of law that MCM knew the policy violated the FLSA. Moreover, the evidence presented by both parties raises a fact issue about whether nurses complained to MCM

concerning its overtime policy and MCM ignored those complaints. Therefore, viewing the evidence in light most favorable to MCM, Plaintiffs' motion for summary judgment on this issue is denied.

## IV. MCM's Good Faith Defense

An employer who violates the FLSA's requirement to pay overtime compensation "shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). At one time the award of liquidated damages was mandatory, *see Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998), but a court now has the discretion to decline or reduce such an award if the employer shows that it acted in "good faith" and had "reasonable grounds" to believe that its actions complied with the FLSA. 29 U.S.C. § 260; *Singer*, 324 F.3d at 823. The Fifth Circuit has held that an employer "faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA." *Bernard*, 154 F.3d at 267 (quoting *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990)). "If an employer suspect[s] that [it is] out of compliance with the FLSA, it cannot act in good faith." *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 246 (5th Cir. 2016) (citing *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)) (alterations in original). The burden is difficult to achieve and "double damages are the norm, and single damages the exception." *Carmack v. Park Cities Healthcare, LLC*, 3:16-CV-3500-D, 2018 WL 3570095, at *12 (N.D. Tex. July 25, 2018) (citing *Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987) (quotation omitted)).

MCM argues that it acted in good faith when it failed to pay overtime compensation because of a reasonable belief that the services provided by MCM fell within one of the FLSA

exemptions and, therefore, the FLSA did not require MCM to pay nurses overtime. The Court rejects this argument.

In this Court, the good faith requirement has both subjective and objective components. *See Acencion Adolfo Calderon Campos v. Lone Star Wheel Components, Inc.*, No. 3:13-CV-04088-N, 2016 WL 3647664, at *4 (N.D. Tex. Mar. 14, 2016) (citing *Dalheim v. KDFW-TV*, 712 F. Supp. 533, 539–40 (N.D. Tex. 1989)). The subjective component requires an employer to demonstrate that "it had an honest intention to ascertain what the FLSA required and to act in accordance with it." *Dalheim*, 712 F. Supp. at 536 (citing cases). Therefore, to claim good faith, an employer has "some duty to investigate potential liability under the FLSA" and cannot consciously disregard that duty. *See id.* at 539 (citing *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979)).

Moreover, MCM's failure to pay nurses overtime must be objectively reasonable. *Acencion*, 2016 WL 3647664, at *4 (citing *Dalheim*, 712 F. Supp. 533 at 539–40). In *Dalheim*, the Court discussed circumstances in which district courts have declined to award liquidated damages:

> [T]he Wage and Hour Administration was aware of the employer's practices and took no action, the Department of Labor conducted an investigation that revealed no violation and the employer relied in good faith on that determination, the regional office of the Wage and Hour Division classified employees as exempt who were later found to be entitled to overtime, and the Wage and Hour investigator found no violation after inquiring into the employer's payroll. Courts have also exercised their discretion to deny such damages where the application of the FLSA to the employer's workers was a factual one, where the employer had sought and acted upon the advice of counsel, where an expert employed by the union opined that there was no coverage, and where the employer exhibited a manifest desire . . . to comply with the law[.]

712 F. Supp. at 541 (citations and quotations marks omitted).

None of the circumstances in *Dalheim* exist here. Instead, MCM relies on the testimony of D. Ramsey to establish that the decision not to pay nurses overtime compensation was made in

good faith and based upon reasonable grounds. Specifically, D. Ramsey testified that although he was not "completely familiar" with the FLSA, he thought MCM's services were exempt. (ECF No. 52 at 5). Moreover, D. Ramsey testified that he "didn't consciously make the decision not to pay overtime" because he "felt [MCM] w[as] exempt." (*Id.* at 10). However, Plaintiffs proved through D. Ramsey's testimony that he never received training on the FLSA, (ECF No. 42-1 at 36–37), and that he never consulted an attorney or outside consultant about MCM's policy not to pay nurses overtime compensation. (*Id.* at 10, 18, and 33). They also proved that he did nothing to determine whether MCM should pay overtime to nurses, and he did not discuss the issue with any of MCM's management. (*Id.* at 10). Instead, D. Ramsey relied upon information that he learned in a college class that he took fifty years ago. (*Id.*).

MCM has not raised a fact issue on whether it acted in good faith and with a reasonable belief that not paying overtime to its nursing employees did not violate the FLSA. MCM's subjective belief that an exemption applied is not objectively reasonable under the circumstances of this case. Conversely, Plaintiffs presented summary judgment evidence showing MCM did not investigate its potential liability under the FLSA, consult an attorney or other professional regarding application of the FLSA, or review the FLSA to determine whether an exception or exemption applied. The Court finds it wholly unreasonable for MCM to have relied upon an executive who admitted that he was not familiar with the FLSA and who based his decision on something he heard in a college classroom fifty years ago. This type of conscious ignorance does not show an "honest intention to ascertain what the FLSA required and to act in accordance with it." *Dalheim*, 712 F. Supp. at 536. Accordingly, summary judgment is granted in Plaintiffs' favor on the issue of liquidated damages.

**CONCLUSION**

For these reasons, the Court **GRANTS in part and DENIES in part** Plaintiffs' Motion for Summary Judgment (ECF No. 40). Specifically, the Court **GRANTS** Plaintiffs' Motion as to MCM's liability for violating Plaintiffs' right to overtime compensation under the FLSA, and Plaintiffs' right to liquidated damages against MCM under the FLSA. In all other respects, the Court **DENIES** Plaintiffs' Motion.

Signed October 18, 2018.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE