IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RACHEL TURNER, *individually and on behalf of all those similarly situated*, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:17-cv-00836-BP |
| MEDICAL CASE MANAGEMENT & SOCIAL SERVICES, INC., et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Defendants Medical Case Management Services, Inc. ("MCM"), Bonnie Williams ("Williams"), Donald Ramsey ("Ramsey"), Portia Jones ("Jones"), and Community Care Medical Clinics, Inc. ("CCMC") (collectively, "the Defendants") move for judgment as a matter of law, under Federal Rule of Civil Procedure 50(a), and, alternatively, for new trial, under Rule 59(a), in this suit for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–216 ("FLSA"). (ECF No. 125). After considering the Motion and applicable law, the Court **DENIES** the motion.

## BACKGROUND

Plaintiff, Rachel Turner, brought this suit individually and on behalf of others similarly situated (collectively, "the Plaintiffs"), against Defendants under the FLSA for unpaid overtime. (ECF No. 1 at 1). The parties stipulated that the FLSA required MCM to pay overtime to Plaintiffs and that MCM had only paid "straight time" to Plaintiffs for hours worked over 40. (ECF No. 119 at 5). The parties also stipulated as to the specific amount of damages due each individual plaintiff, depending upon whether Defendants were found to have willfully violated the FLSA. (ECF No. 110). Thus, the only questions for the jury to decide were whether CCMC and the individual

defendants were "employers" under the FLSA and if they willfully violated the FLSA. (ECF No. 119). To that end, Question No. 2 in the Jury Charge asked, "Have Plaintiffs proven that Defendant [CCMC] was their employer?", (*id.* at 9), and Question No. 7 asked, "Have Plaintiffs proven that Defendant [CCMC] (through its agent or employee) acted willfully?" (*id.* at 11). The jury answered "Yes" for all Defendants finding they were employers and that they had willfully violated the FLSA. (*Id.*).

In their motion for judgment as a matter of law and, alternatively, for new trial under Rules 50 and 59(a), respectively, Defendants argue that the evidence is insufficient to support the jury's findings that (1) CCMC, Williams, and Jones are employers under the FLSA and (2) any Defendant willfully violated the FLSA. (ECF No. 125). Defendants made this motion without any citation to the trial proceedings. Thus, none of Defendants' arguments are supported by citations to trial records. Nevertheless, Defendants now complain that the jury's verdict was against the great weight of the evidence. The Court has addressed Defendants' arguments as best it can without Defendant providing any references to the record, but this is a difficult task, especially in a case such as this one where the parties relied principally on witness testimony. *See Parr v. Nicholls State Univ.*, No. CIV.A. 09-3576, 2012 WL 1032905, at *3 (E.D. La. Mar. 27, 2012) ("[W]ithout the benefit of citation to the trial transcript, the Court has no basis for determining that any error occurred."), *aff'd sub nom. Parr v. Hulbert*, 518 F. App'x 275 (5th Cir. 2013) (per curiam).

## LEGAL STANDARD

### I. Judgment as a Matter of Law—Federal Rule of Civil Procedure 50

"A motion for judgment as a matter of law 'challenges the legal sufficiency of the evidence to support the verdict.'" *Jacobs v. Tapscott*, 516 F. Supp. 2d 639, 643 (N.D. Tex. 2007) (quoting *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 195 (5th Cir. 2006)). The court will "uphold a jury

2

verdict unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable [jurors] could not arrive at any verdict to the contrary." *Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1039 (5th Cir. 2011) (alteration in original) (quoting *Cousin v. Trans Union Corp.*, 246 F.3d 359, 366 (5th Cir. 2001)). "In other words, the 'jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did.'" *Id.* at 1039–40 (quoting *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008)).

## II.   Motion for New Trial—Federal Rule of Civil Procedure 59(a)

Under Rule 59(a), a new trial may be granted after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Although the grounds for granting a new trial are not specifically enumerated in Rule 59, the Fifth Circuit has found that a new trial is appropriate where: (1) the verdict is against the weight of the evidence, (2) the amount of damages awarded is excessive, or (3) the trial was unfair or marred by prejudicial error. *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991). "The trial court in passing on a motion for a new trial need not take the view of the evidence most favorable to the verdict winner, but may weigh the evidence." *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). However, a judge may not order a new trial "simply because he disagrees with the jury verdict." *Id.* "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979).

**ANALYSIS**

**I.     Defendants waived their right to relief under Rule 50(b).**

Plaintiffs argue that Defendants waived their right to relief under Rule 50(b) because they did not move for judgment as a matter of law under Rule 50(a). Plaintiffs are correct that "when a party fails to raise an issue in a Rule 50(a) motion, it waives the right to raise that issue in a Rule 50(b) motion." *Waganfeald v. Gusman*, 674 F.3d 475, 481 n.14 (5th Cir. 2012) (citation omitted); *see also Moss v. Princip*, 913 F.3d 508, 522 (5th Cir. 2019) (We have held that "[a] party that fails to move for judgment as a matter of law under Rule 50(a) on the basis of insufficient evidence at the conclusion of all of the evidence waives its right to file a post-verdict Rule 50(b) motion, and also waives its right to challenge the sufficiency of the evidence on appeal." (quotation and citations omitted)). In their motion, Defendants do no assert whether they moved for judgment as a matter of law at the conclusion of all of the evidence. The Court does not recall them doing so. Accordingly, Defendants have waived their right to relief under Rule 50(b). Alternatively, as discussed below, even absent the waiver, Defendants are not entitled to relief under Rule 50(b) because there was sufficient evidence to support the jury's verdict.

**II.    The jury's verdict is not against the great weight of the evidence.**

District courts "should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *Seibert v. Jackson Cty., Mississippi*, 851 F.3d 430, 439 (5th Cir. 2017) (quoting *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 269 (5th Cir. 1998)). "The 'great weight of the evidence standard is not easily met." *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 931 (5th Cir. 1982). Deference to the jury is especially important in cases in which the issues are simple, the evidence is in dispute, and there is an absence of any "pernicious or undesirable occurrence at trial." *Id.* "When all three factors are present, our deference to the jury

is reinforced by our confidence in its ability to understand the issues, to evaluate credibility and sort through conflicting testimony, and to act reasonably and fairly in the absence of prejudicial influences." *Id.* Here, the issues are not particularly complex, particularly since the parties, through their stipulations, narrowed the questions for the jury to consider. Neither party argues there was any prejudicial influence. Further, although the physical evidence was not particularly in dispute, the testimony adduced at trial conflicted. Thus, the jury's verdict should be afforded deference.

### A. Employer Status

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

### 1. CCMC

The Jury Charge stated, "In order for the Plaintiffs to recover against [CCMC], Plaintiffs must show that [CCMC] employed the Plaintiffs either individually or jointly with [MCM]." (ECF No. 119 at 7). Although Defendants did not order a transcript, they argue that there was "***zero*** evidence at trial that supported a finding that ***CCMC or any person acting on its behalf***" was an employer of the Plaintiffs. (ECF No. 125 at 10) (emphasis original). Defendants admit that eighteen trial exhibits were admitted in evidence and seven witnesses testified at trial. (ECF No. 125 at 9). These exhibits largely contained payment records showing that some of the Plaintiffs were paid on CCMC check stock, which were signed by Ramsey. (*Id.* at 10). Further, Ramsey testified at trial that he controlled both CCMC and MCM. Moreover, Defendants do not contest the jury's finding that Ramsey is an employer under the FLSA. Although Ramsey testified that CCMC's payment of Plaintiffs was a mistake, the jury could have weighed Ramsey's testimony and instead concluded that CCMC was acting "directly or indirectly" in the interest of MCM or

Ramsey in relation to the Plaintiffs. Accordingly, the Court denies Defendants' Motion as to CCMC's employer status.

## 2. Individual Defendants Portia Jones and Bonnie Williams

For each individual Defendant, the Jury Charge stated, "In order for the Plaintiffs to recover against [applicable Defendant's name], Plaintiffs must show [applicable Defendant's name] had 'operational control' over their employment." (ECF No. 119 at 7–8). Consistent with *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012), the Jury Charge listed the following factors (the "factors") for considering whether an individual has operational control: (1) the individual has the power to hire and fire the employees, (2) the individual supervised and controlled employee work schedules or conditions of employment, (3) the individual determined the rate and method of payment, and (4) the individual maintained employment records. (*Id.*).

As for Jones, Defendants argue that there was "***zero*** evidence at trial that supported a finding that Ms. Jones" exhibited any of these factors showing she had the requisite control over Plaintiffs. (ECF No. 125 at 11) (emphasis original). Defendants rely on Jones' purported testimony that she was not involved in the decision not to pay overtime; before the suit was filed, she was unaware that employees were not being paid overtime; she did not live in Texas; and her only involvement with MCM was as an investor. (*Id.*). Plaintiffs argue there was testimony presented at trial that Jones reported to the corporate office on a daily basis, purchased and provided goods and supplies to be used by Plaintiffs, and was one of the individuals responsible for making the decision not to pay Plaintiffs overtime. (ECF No. 127 at 8). Moreover, there was testimony adduced at trial that Jones provided billing services for MCM.

It is not required that every factor be present to make a finding that an individual has operational control over employees. *See Gray*, 673 F.3d at 357. Here, the jury heard disputed testimony regarding Jones' employer status and was tasked with determining the credibility of

6

those witnesses. Presumably the jury considered and appropriately resolved any conflicts in competing testimony. The Court cannot say that no evidence was admitted as to any of the factors. Thus, the Court finds the jury's verdict was supported by sufficient evidence. *Gray*, 673 F.3d at 357 ("[F]inding employer status when none of the factors is present would make the test meaningless."). Accordingly, Defendants' Motion is denied as to Jones' employer status.

As for Williams, Defendants argue again that there was "***zero*** evidence at trial that supported a finding that Ms. Williams" exhibited any of the factors showing she had the requisite operational control. (ECF No. 125 at 12) (emphasis original). Defendants admit in their Motion that there was contested testimony at trial concerning the extent of Williams' control over Plaintiffs. (*Id.* at 12) ("[S]he was 'the one running the show' and that she was the true person managing the day-to-day operations[.]"). Defendants contend that the testimony adduced by Plaintiffs amounts to "mere speculation" because there was no physical evidence admitted at trial concerning the factors and other testimony disputes the jury's finding. (*Id.*). Plaintiffs contend there was testimony presented at trial of Williams' level of control over Plaintiffs as she was involved with important decisions concerning employees; she developed company policies and procedures; she was part of the management team that decided not to pay overtime; she was related to Ramsey and Jones; and she was involved with the day-to-day operations of the company. (ECF No. 127 at 8–9). As with Jones, the jury heard this competing testimony and found her to be an employer. Thus, the Court finds the jury's verdict was supported by sufficient evidence. Accordingly, Defendants' Motion is denied as to Williams' employer status.

B.     **Willful Violation**

An FLSA claim is normally subject to a two-year statute of limitations, except that a three-year limitations period applies if Plaintiffs demonstrate a willful violation by the employer *See* 29

7

U.S.C. § 255(a). Plaintiffs can demonstrate that an employer willfully violated the FLSA by showing the employer "knew or showed reckless disregard for . . . whether its conduct was prohibited by the [FLSA]." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "Generally, a plaintiff suing under the FLSA carries the burden of proving all elements of his or her claim." *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001). The word "willful" refers to conduct that is "voluntary, deliberate, and intentional, and not merely negligent." *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 808 (N.D. Tex. 2009) (citing *McLaughlin*, 486 U.S. at 128). Thus, a negligent violation of the FLSA is not willful, "[n]or is a good faith but incorrect assumption that a pay plan complied with the FLSA." *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 924 (E.D. La. 2009) (citing *McLaughlin*, 486 U.S. at 135). An employer who acts unreasonably does not necessarily act willfully under the FLSA. *See McLaughlin*, 486 U.S. at 135 n.13. But an employer acts willfully when it "kn[e]w [its] pay structure violated[d] the FLSA or ignore[d] complaints brought to [its] attention." *Mohammadi v. Nwabuisi*, 605 F. App'x 329, 332 (5th Cir. 2015) (per curiam) (citing *Ikossi–Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 553 & n.24 (5th Cir. 2009) (citing cases)).

The Jury Charge stated, "An employer commits a 'willful' violation of the law when it knows, or acted with reckless disregard for whether, its conduct is prohibited by the FLSA. An employer commits a willful violation by disregarding the possibility that it is violating the FLSA. Employers act willfully when they know their pay structures violate the FLSA or ignore complaints brought to their attention." (ECF No. 119 at 8).

Plaintiffs' testimony adduced at trial shows that they raised the issue of the lack of overtime to the individual Defendants and were given excuses about why they were not being paid overtime.

The jury heard testimony that the issue of overtime was discussed in meetings attended by individual Defendants, including the owners of CCMC and MCM. Further, Ramsey admitted he made no independent investigation as to the legality of the companies' overtime policy. Defendants argue, however, that this testimony is "speculation, conjecture, and inuendo." (ECF No. 125 at 14). As the fact finder, the jury's job was to resolve this conflicting testimony and determine the credibility of witnesses. Because there is evidence that Defendants ignored complaints about Plaintiffs not being paid overtime, the jury's finding of a willful violation of the FLSA is supported by sufficient evidence. Accordingly, Defendants' Motion is denied as to whether the Defendants willfully violated the FLSA.

## CONCLUSION

For these reasons, the Court **DENIES** Defendants' Motion (ECF No. 125) for judgment as a matter of law and for new trial.

Signed April 4, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE