IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **RACHEL TURNER,** *individually and on behalf of all those similarly situated*, | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No. 4:17-cv-00836-BP** |
| **MEDICAL CASE MANAGEMENT & SOCIAL SERVICES, INC.,** *et al.*, | § § § | |
| **Defendants.** | § § | |

## ORDER

Before the Court are Plaintiffs' Motion for Attorneys' Fees and Expenses filed January 8, 2019 and Amended Motion for Attorneys' Fees and Expenses filed April 10, 2019. (ECF Nos. 124, 130). Defendants did not respond to either of Plaintiffs' motions. Having considered the motions, record, and applicable law, the Court hereby **GRANTS** Plaintiffs' Motion and Amended Motion for Attorneys' Fees and Expenses.

## I.     BACKGROUND

Plaintiff, Rachel Turner, brought this suit individually and on behalf of others similarly situated (collectively, "the Plaintiffs"), against Defendants under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–216 ("FLSA") for unpaid overtime. (ECF No. 1 at 1). At trial, the parties stipulated to the specific amount of damages due each individual plaintiff, depending upon whether Defendants were found to have willfully violated the FLSA. (ECF No. 110). After a jury trial, all Defendants were found to be employers that had willfully violated the FLSA. (*See* ECF No. 119 (Jury Verdict)). On December 14, 2018, the Court entered a final judgment awarding Plaintiffs unpaid overtime compensation, liquidated damages, costs, attorney fees, and post-judgment

interest. (ECF No. 122). On January 8, 2019, as prevailing parties, Plaintiffs filed their motion

requesting attorneys' fees, costs, and expenses. (ECF No. 124). In that motion, Plaintiffs requested

an opportunity to amend their attorneys' fees request should Defendants file any post-trial motions.

(*Id.* at 20 n.5). Thereafter, Defendants filed a motion for judgment as a matter of law or,

alternatively, for new trial. (ECF No. 125). The Court denied Defendants' motion and Plaintiffs

filed their amended motion requesting additional attorneys' fees, costs, and expenses for having

responded to Defendants' motion.

## II.    LEGAL STANDARD

Under the FLSA, employees who successfully assert a private cause of action for unpaid

overtime wages are entitled to collect damages from their employers "in the amount of . . . their

unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29

U.S.C. § 216(b). Further, section 216 states that district courts "shall . . . allow a reasonable

attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Thus, An

award of "[r]easonable attorney attorney's fees are mandatory" when an employer is found to have

violated the FLSA. *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016) (citation

omitted and alteration in original).

The Fifth Circuit employs a two-step analysis when determining an award of attorney's

fees. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 (5th Cir. 2016) (citing *Jimenez v.

Wood Cty.*, 621 F.3d 372, 379 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011)). In

the first step, a court calculates the lodestar, "which is equal to the number of hours reasonably

expended multiplied by the prevailing hourly rate in the community for similar work," excluding

any duplicative, excessive, or inadequately documented time. *Id.* at 391–92. The parties seeking

reimbursement of attorneys' fees bear the burden of establishing the number of hours expended

through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *Id.*

In the second step, after calculating the lodestar, a court may adjust an award for attorney's fees by applying the factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Combs*, 829 F.3d at 392. In applying the *Johnson* factors, the Court "must provide a reasonably specific explanation for all aspects of a fee determination." *Id.* (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 544 (2010)).

## III.   ANALYSIS

Plaintiffs request a lodestar amount of $65,292.50 in attorneys' fees for work done by counsel for Plaintiffs Chris R. Miltenberger and Rebecca K. Miltenberger, $1,780.09 in expenses, and $2,865.70 in costs. (ECF Nos. 124, 130).

### A.   Lodestar calculation

"The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). The burden is on the applicant who must also show that billing judgment was exercised. *Saizan v. Delta Concrete Prods. Co.*, *Inc.*, 448 F.3d 795, 799 (5th Cir. 2006).

#### 1.   Reasonable number of hours

Billing judgment requires documentation of hours charged and of hours not charged because they were unproductive, excessive, or redundant. *Id.* Here, Plaintiffs' billing records show that their counsel expended 134.4 billable hours through January 8, 2019, which was reduced by

3

four hours due to an award of discovery sanctions against Defendants. (ECF No. 124-1 at 5–6). Ms. Miltenberger spent an additional 7.6 hours responding to Plaintiffs' post-trial motion, which Mr. Miltenberger reduced to four hours using his billing judgment. (ECF No. 130 at 2). Mr. Miltenberger, however, did not identify any non-billable hours or hours written off during the litigation of the case leading up to trial. (*See generally*, ECF Nos. 124, 124-5 (Billing Statement)). A review of the billing statement shows several instances where Mr. Miltenberger expended time filing various pleadings and consent forms. (*Id.*). Thus, the Court finds that Plaintiffs' failure to document hours written off as excessive or unproductive indicates a lack of billing judgment. *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 n.9 (5th Cir. 1996). The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the fee award by a percentage intended to substitute for the exercise of billing judgment. *Id.* The billing statement shows Mr. Miltenberger expended 0.25 hours for filing consent forms. (ECF No. 124-5). Thus, for each instance where Mr. Miltenberger chose to file a motion, pleading, or consent form, the Court will deduct 0.25 hours from Mr. Miltenberger's total expended hours. Accordingly, the Court finds that a 4.7%- or 4.5-hours reduction in time expended by Mr. Miltenberger is appropriate.

      2.   Reasonable hourly rate

The reasonable hourly rate is the appropriate hourly rate in the community for the work performed. *Saizan*, 448 F.3d at 799. The community refers to the legal community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). Here, the district court sits in Fort Worth, Texas. Therefore, Fort Worth is the relevant legal community for purposes of determining reasonable hourly rates. "[T]he burden is on the fee applicant to produce satisfactory evidence—*in addition to the attorney's own affidavits*—that the requested rates are in

line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944, 948 (N.D. Tex. 2016) (emphasis original). Generally, the reasonable hourly rate is established through affidavits submitted by other attorneys practicing in the community. *Id.* An applicant may also establish reasonableness by directing the court to fee awards in the same district. *See, e.g., Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cnty.*, 752 F.2d 1063, 1073 (5th Cir. 1985); *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 709 (S.D. Tex. 2012).

Plaintiffs request a rate of $525.00 per hour for Mr. Miltenberger and $350.00 for Ms. Miltenberger. (ECF No. 124). Plaintiffs support their fee application with a declaration from Mr. Miltenberger and resumes showing that both Mr. and Ms. Miltenberger have been practicing since the early 1980s, with many of those years being in the labor and employment law context. (ECF No. 124). Plaintiffs did not submit an affidavit from attorneys practicing in Fort Worth, Texas. Instead, Plaintiffs directed the Court to similar fee awards from the Dallas and Fort Worth Divisions of the Northern District of Texas. (ECF No. 124-4). Although most of the fee awards cited by Plaintiffs are from the Dallas Division, the Court finds there are enough comparable fee awards from the Fort Worth Division to make a determination. Further, Defendants have not objected or responded to Plaintiffs' motion or amended motion for attorneys' fees and expenses. Thus, after an independent review of the record, the Court finds the hourly rates requested are consistent with the Fort Worth legal community. Accordingly, the hourly rates for Plaintiffs' counsel are reasonable. *Mauricio*, 174 F. Supp. 3d at 948 & n.3 (N.D. Tex. 2016) (noting some courts have accepted fee applicant's assertion of a reasonable hourly rates when the opposing party has not objected).

**B.**      *Johnson* **factors**

A court may decrease or enhance a fee award based on the relative weights of the *Johnson*

factors. *Saizan*, 448 F.3d at 800. The twelve *Johnson* factors include: (1) the time and labor

required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal

services properly; (4) the preclusion of other employment by the attorney due to acceptance of the

case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed

by the client or the circumstances; (8) the amount involved and the results obtained; (9) the

experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the

nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717–19. Plaintiffs do not seek an upward adjustment to the lodestar amount

based on the *Johnson* factors. (ECF No. 124 at 17). Plaintiffs do, however, contend that the

*Johnson* factors clearly weigh against a downward departure because of their success on the merits.

(*Id.*). There is a "strong presumption of the reasonableness of the lodestar amount." *Saizan*, 448

F.3d at 800. Plaintiffs obtained a jury verdict that found (1) all Defendants were employees, and

thus jointly and severally liable under the FLSA, and (2) Defendants willfully violated the FLSA.

(ECF No. 119). Although the legal questions in this case were not overly difficult or novel, the

circumstances of the case, including Plaintiffs' award of discovery sanctions, indicate above

average skill and ability of Plaintiffs' counsel in litigating the case. Accordingly, after considering

the *Johnson* factors, the Court finds no adjustment is warranted.

**C.      Costs and Expenses**

In FLSA cases, Section 216(b) directs district courts to "allow a reasonable attorney's fee

to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiffs provided

documentation to show they expended $1,780.09 in expenses and $2,865.70 in costs, for a total of

$4,645.79 in this action. (*See* ECF Nos. 123 (Bill of Costs); 124, Exhibit A-5). The Court finds

that the costs and expenses in this case totaled $4,645.79 and awards Plaintiffs that amount.

### D.   Calculation

Based on the foregoing analysis, Plaintiffs' counsel is entitled to:

| Attorney | Adjusted Billable Hours (% Reduction) | | Total | Hourly | Lodestar |
|---|---|---|---|---|---|
| | Pre-trial | Post-trial | Amount | Rate | Amount |
| C. Miltenberger | 91.8 (4.7%) | | 91.80 | $525.00 | $48,195.00 |
| R. Miltenberger | 38.1 | 4.0 | 42.10 | $350.00 | $14,735.00 |

**Total:** **$62,930.00**

After the reduction of 4.7% to the hours expended by Mr. Miltenberger as explained above,

Plaintiffs are entitled to $62,930.00 in attorneys' fees and $4,645.79 in costs and expenses.

## IV.   CONCLUSION

Based on the foregoing, the Court finds Plaintiffs' Motion and Amended Motion for

Attorneys' Fees and Expenses (ECF Nos. 124, 130) are hereby **GRANTED** to the extent stated in

this Order. It is therefore **ORDERED** that Plaintiffs be awarded $62,930.00 in attorney fees and

$4,645.79 in costs and expenses, for a total award of $67,575.79.

**Signed** May 13, 2019.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE